■ In the Matter of JAMES B. MITCHELL, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent.— Petition, pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Martin B. Stecher, J.), entered June 26, 1989, seeking to annul a determination of respondent New York State Racing and Wagering Board dated May 2, 1989, which suspended petitioner's license to practice veterinary medicine at all harness-racing tracks in New York State for 12 days, unanimously denied, the determination confirmed, and the proceeding dismissed, without costs.

We find that respondent's determination is supported by substantial evidence. By prescribing and dispensing isoxsuprine to be administered to a horse up until 72 hours before that horse was scheduled to race and by failing to inform the animal's trainer that Board rule (9 NYCRR) 4120.2 (e) prohibits the administration of isoxsuprine within one week of the start of the racing program, petitioner violated Board rule 4120.2 (c).

We have reviewed petitioner's contentions disputing his responsibility and find them to be without merit. Furthermore, the sanction imposed is appropriate to the seriousness of the violation and is not shocking to the court's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.

■ BLACK TIE NETWORK, INC., Respondent, v ROCK & ROLL HALL OF FAME FOUNDATION, INC., Appellant.—Order, Supreme Court, New York County (Ethel Danzig, J.), entered on May 17, 1989, unanimously affirmed for the reasons stated by Ethel Danzig, J. Respondent shall recover of appellant $250 costs and disbursements of this appeal. Concur—Murphy, P. J., Carro, Milonas, Kassal and Wallach, JJ.